## McCormick Appeal

*Samuel L. Sagendorph*, for exceptant.

*John E. Landis*, for township commissioners.

FORREST, J., December 5, 1958.—This matter is before us on exceptions to findings of fact, conclusions of law and decree affirming the decision of a board of township commissioners which gave approval of exceptant's subdivision plan only upon condition that such plan contain a notation that a stream running through one of the lots will be piped in if a building permit is sought for that lot.

The lot through which the stream passes is lot no. 3. The court found that any house which may be built upon this lot will be endangered by the erosion of the artificial banks of the stream reducing the lateral support. This finding was based on the testimony of the township engineer who had before him no plans and specifications of a house proposed to be constructed on the lot nor any lot plan showing the proposed site of the house.

The decree was handed down on May 17, 1958. Thereafter exceptant proposed that the subdivision plan be approved on condition that it contain the following notation: "Adequate foundation to be assured to building inspector before issuance of any building permit in connection with Lot No. 3." The commissioners of Springfield Township have not approved such notation; they desire the wording to be such as to make it plain that the property owner, and not the township, will be obliged to make the expenditures which will be necessary in order to make an "adequate foundation".

Exceptant originally refused to acquiesce in the placing of any notation regarding lot no. 3 on the plan. This we considered arbitrary and unreasonable under the circumstances as disclosed to us, for which reason we dismissed his appeal. If in the first instance, he had

evinced a willingness to place a reasonable notation on the plan, so as to overcome the legitimate objection of the township commissioners, even though he might contend that the notation is unnecessary as invading the province of the building inspector, we would have approved his proposal. Now he has proposed a reasonable notation, which warns present and future owners that, although an ordinary layman might suppose otherwise, the subdivision approval does not automatically confer the right to build on lot no. 3. The township commissioners have refused to accept this notation. They want a notation exonerating the township from any expenses incident to the hazard of the creek in the event that anyone proceeds to build on lot No. 3.

We think that in taking this stand the commissioners are exceeding their powers. It may be, as testified by the township engineer and as found by the court from uncontradicted testimony, that any house which might be built upon the lot will be endangered by the erosion of the artificial banks of the stream. However, it is our opinion that the owner, if he desires, should be allowed to file an application with the building inspector based upon actual plans and specifications and the condition of the ground as of such time. The creek, insofar as it has a bearing on safety of construction, may be considered at that time, but before such time, the owner of the lot should not be required to commit himself to the township to do any particular work which may be a prerequisite to the granting of a building permit.

And now, December 5, 1958, the exceptions to the conclusions of law and decree of May 17, 1958, are sustained. The appeal is sustained and the decision of the board of commissioners of Springfield Township is reversed, and the subdivision plan of appellant John A. McCormick is approved on condition that it contains

the following notation: "Adequate foundation to be assured to building inspector before issuance of any building permit in connection with Lot No. 3."